IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY T. LINARES | § | |
| VS. | § | CIVIL ACTION NO. 1:26cv254 |
| D. LANGLEY, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Larry T. Linares, an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Ms. Brown and Mr. Howling, both employed at the Telford Unit.[1]

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains of the alleged inadequate medical care at the Telford Unit where defendants Brown and Howling are employed.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

---

[1] This action was severed from another civil action filed by Plaintiff styled *Linares v. Langley*, No. 1:25cv439 (E.D. Tex.).

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred at the Telford Unit located in Texarkana, Bowie County, Texas. The defendants regarding theses claims are located in Bowie County, Texas.

When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Bowie County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Bowie County is located in the Texarkana division of the Eastern District of Texas; thus, venue is proper in the Eastern District of Texas. However, since the claims occurring at the Telford Unit arose in Bowie County and the defendants reside in Bowie County, such claims should be pursued in the Texarkana division instead of the Beaumont division.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since Plaintiff complains of incidents which occurred at the Telford Unit, which is located in the Texarkana Division, all records and witnesses involving this action most likely will be located in the Texarkana Division. Thus, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this action should be transferred to the United

States District Court for the Eastern District of Texas, Texarkana Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

SIGNED this 30th day of August, 2026.

Zack Hawthorn
United States Magistrate Judge